### F. H. SMITH CO. v. VERZI et al.

(Court of Appeals of District of Columbia. Submitted January 3, 1923. Decided June 4, 1923.)

#### No. 3910.

1. **Landlord and tenant ⬅⟶200(1½)—Undisputed valuation figures are binding on court in determining whether rates are confiscatory.**

   On appeal from an order of the rent commission fixing rents for apartments, evidence as to the reproduction costs and depreciation of the apartment building, which was not contradicted by any evidence produced before the commission, is binding on the court, in determining whether the rents were confiscatory.

2. **Landlord and tenant ⬅⟶200(1½)—Present market value is basis for fixing rentals.**

   The real basis for determination of reasonable rentals for apartments is the present market value of the property, not the reproduction cost, less depreciation.

3. **Landlord and tenant ⬅⟶200(1½)—Rents held clearly confiscatory, notwithstanding absence of evidence as to present market value.**

   Where the rental rates established by the commission would produce a net income so grossly inadequate, in view of the reproduction cost, less depreciation of the building, that confiscation was clearly established, the rates cannot be sustained merely because no evidence was introduced before the commission as to the present market value of the premises.

4. **Landlord and tenant ⬅⟶200(1½)—Rates in apartment building must be fixed with reference to entire property.**

   In fixing the rates for rental of 13 apartments in an apartment building, they should be adjudicated with reference to the value of the entire property in the proportion which they bear to that value, and must be set aside when they were arbitrarily fixed with reference to the rental value of each individual apartment.

---

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Landlord and tenant ☞200(1½)—Commission must state basis of rents fixed on inspection.**

If the inspection of the building by the rent commission is to be considered in establishing a just basis of valuation, the commission must make a statement of the basis on which they reached their decision.

Appeal from the Rent Commission.

Proceeding by Georgia M. Verzi and others before the Rent Commission to fix rental rates on a number of apartments, opposed by the F. H. Smith Company, landlord. From an order fixing the rents, the landlord appeals. Reversed and remanded.

W. Gwynn Gardiner, of Washington, D. C., for appellant.
Chapin Brown, of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from an order of the rent commission fixing the rental rates on a number of apartments in the Clifton apartment house in this city. The order of the commission is challenged chiefly upon the ground that it is confiscatory and therefore void.

The undisputed testimony fixed the cost of reproduction of the building at 50 cents per cubic foot, or $1,845,500. The evidence as to the value of the ground varied between $2.50 per foot and $2.75 per foot. The minimum price of $2.50 per square foot fixes a value of $407,-762.50. Adding to this an architect's fee of 6 per cent. on the cost of the building, $110,730, and eliminating other items in relation to expenses of placing first and second mortgages on the property, we have a valuation upon a reproductive basis of $2,363,992.50. On this the testimony shows a gross annual rental income of $201,894, from which there should be deducted, for operating expenses insurance, taxes, commission for collection of rents, depreciation, and obsolescence, $198,-506.10 leaving a net annual income to the owner of $3,387.90.

[1, 2] Inasmuch as these figures are not contested, and are the only evidence offered on the matter of valuation, they are binding upon us in determining the question of whether or not the rates fixed are confiscatory. The reductions made upon the 13 apartments, under consideration, varied from $5 per month to $10 per month each. If the question of whether or not the finding amounted to confiscation were a close one, we would adhere to our former ruling in Moore & Hill, Inc., v. Marshall, 52 App. D. C. 326, 286 Fed. 990, and sustain the order of the commission, on the ground that no proof had been offered showing the present market value of the property, which is the real basis upon which final determination should be made.

[3] But deducting from the reproduction value of the building 3 per cent. annually for depreciation and 1½ per cent. annually for obsolescence, the rates established by the proof, for the period since the building was constructed, we still have a net income left so grossly inadequate to furnish a fair return that in any view of the case the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

order establishes confiscation. We do not intimate that this method of valuation furnishes a basis which, in future proceedings with reference to this property, would be final and operate to exclude proof of present market value. It is adopted here, for the reason above stated, only in the absence of more specific proof of market value.

[4] There is another feature, however, upon which the order must be set aside. Instead of fixing the rates upon the 13 apartments adjudicated with reference to the value of the entire property in the proportion which they bear to that value, they were arbitrarily fixed with reference to the rental value of each individual apartment. The whole proceeding before the commission is so completely adverse to the rules announced in Karrick v. Cantrill et al., 51 App. D. C. 176, 277 Fed. 578, that nothing remains for us but to vacate the order and direct a rehearing.

[5] In this case, as in others that we have considered, the rent commission made a personal inspection of the premises and so certify in their order; but no statement is made of the basis upon which they reached their conclusions, or anything from which the court may determine the basis of their determination. This we have held to be essential, if the commission's investigation is to be considered in establishing a just basis of valuation.

It further appears in the order as follows:

"Prior to the hearing of said cases the rent commission fixed and determined the fair and reasonable rents of apartments in said apartment house upon complaints of tenants."

Then followed a list of the 13 apartments upon which the rents were adjusted, together with a statement in each instance of the existing rental rate with the amount of reduction and the rate ordered. This is a remarkable proceeding.

The order of the rent commission is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

Motion for rehearing denied June 28, 1923.